AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

Southern **DISTRICT OF** Florida

UNITED STATES OF AMERICA

V.

JERMAINE WILLIAMS and
LOWEN ESPINEUVA

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4244-BSS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about October 20, 2000 in Broward county, in the Southern District of Florida defendant(s) did, (Track Statutory Language of Offense)

Did conspire to obstruct, delay and affect commerce by violence and did obstruct delay and affect commerce by violence in that the defendants shot two Brinks guards while they were delivering money belonging to Citibank.

in violation of Title 18 United States Code, Section(s) 371, 1951.

I further state that I am a(n) Special Agent of the FBI and that this complaint is based on the following facts:

*See attached affidavit incorporated by reference*

Continued on the attached sheet and made a part hereof: ☐ Yes ☐ No

S/A James T. Lewis
Signature of Complainant

Sworn to before me and subscribed in my presence,

10-21-00        at        Fort Lauderdale, Florida
Date                              City and State

BARRY S. SELTZER, U.S. Magistrate Judge
Name & Title of Judicial Officer            Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT

I, JAMES T. LEWIS, being duly sworn, depose and state:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI), Miami Division, and have been so employed for almost four years. My primary responsibilities include the investigation of violent crimes such as bank robberies, armored car robberies and kidnapings. Prior to my employment with the FBI, I was a Fairfax County (Virginia) police officer for six years. The facts contained in this affidavit are based on my own investigation, information provided to me by other law enforcement personnel, and other witnesses. It does not contain every fact learned in this investigation to date but only those germane for a determination probable cause.

2. On October 20, 2000, at approximately 6:40 AM, a Brinks van made a scheduled drop off of deposits at the CitiBank, 2789 University Drive, Coral Springs, Florida. Brinks is a company engaged in interstate commerce by shipping and transporting money thru the United States. The funds being transported belonged to Citibank and were insured by the Federal Deposit Insurance Corporation (FDIC). Two Brinks armed guards were approaching the ATM machine carrying money from the van. The guards were ambushed from behind by at least two armed men who fired striking both guards. One of the guards, using his service weapon, returned fired at the men as they fled the scene in a red vehicle. A citizen heard the shots being fired and observed a red Honda Civic with dark tinted windows fleeing the scene at a high rate of speed. Citizens observed the victim guards lying on the ground and called the police.

3. Approximately 30 minutes after the offense, the vehicle believed to be used in the offense, a red Honda Civic was located at 2710 Forrest Hills Boulevard, a few blocks east of the bank. When recovered, the vehicle's ignition was on, the car was running, the right rear passenger window was down and the right front passenger door was ajar. The vehicle had been reported stolen from Coral Springs, FL on October 12, 2000. Recovered from inside the vehicle were a 9mm caliber semi-automatic pistol, a shotgun and three spent 12 gauge shotgun shell casings. There was an entry mark near the passenger rear door consistent with a bullet entry and there were blood splatters in the vehicle. Additional blood splatters were located on the front windshield and both front seats. Drops of blood were also located on the steering wheel cover, the drivers door handle and the carpet on the drivers and passenger side. Latex gloves were also recovered in and around the vehicle. A one inch lock of coarse dark black hair was found on the drivers side dashboard area in the vehicle. This lock of hair was braided into a dred lock style with skin attached to it and a red stain which appeared to be blood.

4. At 7:55 AM, employees of Westside Regional Hospital in Plantation, Florida notified the police that a subject, later identified as JERMAINE WILLIAMS, black male, date of birth October 19, 1979, was dropped off at the hospital for treatment. The vehicle that transported WILLIAMS to the hospital was described by hospital staff as a black Honda Civic. WILLIAMS advised the hospital staff and the police that he had been shot by an unknown person while he was standing on the side of the Sawgrass Expressway earlier that morning. WILLIAMS advised that he had gotten out of his car to urinate when he was shot by an unknown person. Examination disclosed that WILLIAMS received a grazing wound to the right side of his head consistent with a gunshot. WILLIAMS was met at the hospital by police and FBI agents and

after receiving treatment accompanied officers back to the Coral Springs Police Department for further questioning. WILLIAMS' hair was observed to be "dred" in style and was consistent in color, texture, length and style to the hair sample recovered from the Civic.

5. Investigation determined that WILLIAMS had been arrested by Coral Springs Police (CSP) on August 28, 2000 for aggravated battery with a firearm. A search of WILLIAMS' vehicle incident to arrest revealed two bullet proof vests, handcuffs and two canisters of chemical mace. In the car with WILLIAMS' was LOWEN ESPINEUVA, White male, date of birth May 6, 1981. On this date, investigation determined that ESPINEUVA resided at 11401 NW 43 Street, #1, Coral Springs, Florida.

On October 20, 2000, *(sw)*
6. CSP officers and FBI agents responded to ESPINUEVA's address and initiated a surveillance. A black Honda Civic and a Silver Integra were observed in the parking lot in front of the residence. It had been previously learned that WILLIAMS drove a Silver Integra. Shortly after the surveillance began, a white male walked from behind the residence, further described as a single story, four apartment duplex. The subject was immediately detained and identified as LOWEN ESPINUEVA. *(sw)* The owner of the black Civic was also contacted at the duplex and identified as DANA SAMPSON. She stated that she drove WILLIAMS to the hospital earlier that morning. She gave consent for the agents to search her apartment. The search produced a man's shirt and a latex glove in a trash can inside her house. Another latex glove was found in a trash can outside her residence. A red substance, which appeared to be blood was also observed in the front passenger seat of the Civic.

7. ESPINUEVA was transported to the CSP and interviewed by your affiant and other law enforcement personnel. After being advised of his Miranda warnings, ESPINUEVA admitted to cleaning the blood off the Silver Integra after accompanying WILLIAMS to the hospital with SAMPSON. He further admitted that he and WILLIAMS stole the Honda Civic about a week ago. WILLIAMS told him that he wanted to get some money. Furthermore, ESPINUEVA stated that WILLIAMS came to his house early that morning and said, "Let's do this!". ESPINUEVA believed that he was referring to committing a robbery.

8. A latent fingerprint was recovered from a latex glove found on the ground outside the getaway vehicle used in this offense and positively identified with the known fingerprints of ESPINUEVA.

9. Based upon the preceding information, I submit that there is probable cause to arrest JERMAINE WILLIAMS and LOWEN ESPINUEVA for conspiracy to obstruct, delay and affect commerce by violence and obstructing, delaying and affecting commerce by violence in violation of Title 18, United States Code, Section 371, 1951 (a),

FURTHER AFFIANT SAITH NOT.

*S/A James T. Lewis*

James T. Lewis, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to
before me this 21ST day of October, 2000

Barry S. Seltzer
United States Magistrate Judge