UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.00-6312-CR-ROETTGER



UNITED STATES OF AMERICA

v.

JERMAINE C. WILLIAMS and
LOWEN ESPINUEVA,

DEFENDANTS.

_____/

## GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case file this response which is alphabetized and numbered to correspond to that original order and states as follows:

A.    1.    There are  written or recorded statements made by the defendants.    See attached tape recorded interview of Lowen Espinueva and Jermaine Williams.

2.    The defendants made oral statements after arrest,in this matter in response to interrogation by a then known-to-be government agent. See report of interview of Lowen Espinueva conducted by Coral Springs Police department Detective Paul Ferm

3.    Defendant did not testify before the grand jury.

4.    The defendants have  criminal histories  which are attached.

5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendant, include but are not limited to: medical reports for Jermaine WILLIAMS from Westside Hospital;sketch of the Citibank ATM area;  executed advise of rights form for Lowen ESPINUEVA; executed advise of rights form for Jermain WILLIAMS; surveillance photographs from the Citibank ATM bank robbery; Lab report identifying ESPINUEVA'S's fingerprints found on latex glove; five (5)latex gloves; assorted photographs of crime scene; Mossberg 12 gauge shotgun model 500 serial number L825206; Makarov 9MM semi-automatic pistol  serial  number  F8539;  (3)three  live  12  gauge shotgun shells;  (3)three spent 12 gauge shotgun shells;(1)  one spent 9MM round; Seven(7) live 9MM rounds;  photograph of red 1993 Honda Civic bearing Florida tags WBS-60Q; blood scrapings taken from red Honda; black hair braid with attached flesh recovered from



red Honda; bottle of simple green cleaner; blood scrapings taken from silver Integra; Photographs of Defendant WILLIAMS taken at Westside Hospital; Man's shirt; sketch of Citibank ATM and parking lot; Coral Springs Police Department field contact card documenting WILLIAMS being in the Citibank parking lot on October 6, 2000 at 6:30 AM; one spent .38 caliber casing;(1) one copper colored projectile; (4)four shotgun pellets; one smith and Wesson Model 64 .38 caliber revolver; assorted cotton swabs containing suspected blood samples recovered from the ATM area; control swabs, (2) two white latex gloves; (1) one copper colored projectile recovered from dash area of Honda;latex gloves; one copper colored projectile recovered from roof area of Honda;(1) one black and white bandana; carpet sample with red stain recovered from front passenger seat; (1)one black hat; headliner with red stain; leaves and srubbery from the scene with red stains; asssorted hair and fibers collected from the Honda vehicle; (1)one black handled phillips screwdriver;(2) jerseys; and (1) one backpack.

6.    The results or reports of physical or mental examinations or scientific tests or experiments made in connection with this case, if any exist, will be provided as soon as they are received by the undersigned.    See attached Fingerprint Lab Reports dated October 22, 2000 from Coral Springs Police Department; Result of fluorescein test with "Spec" alternate light source tested positive for the presence of human blood in the 1989 Acura Integra; Gun shot residue test conducted by Coral Springs police Department; Voice stress test conducted October 20, 2000 on Lowen Espinueva by Coral Springs Police Detective Frank Gross indicating deception;

B.    The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C.    The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976) is as follows: See FBI report of interview of Mike Mamuscia.

D.    The existence and substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959) is as follows: none known

E.    None Known

F.    No defendants were identified in any photo spread.

G.    The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

H.     The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). The Defendant WILLIAMS is currently charged with aggravated assault in case no. 1-00-011004.     This case is pending in Broward county.   Defendant ESPINUEVA was with WILLIAMS on August 28, 2000, when WILLIAMS was arrested and in possession of a 9MM Browning semi-automatic pistol loaded with nine rounds, ESPINUEVA was arrested for loitering. In the trunk of the vehicle were found with two bullet proof vests; one pair handcuffs and two canisters of mace. Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise. A small quantity of marijuana was found in ESPINUEVA'S residence along with two scales.

I.     The defendant was not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or a person against whom the interception was directed.

J.     The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K.     There are no controlled substances which are the subject of the indictment in this case.

L.     The United States did seize automobiles, allegedly used in the commission of the offenses charged in this indictment. Seized were a 1983 red Honda Civic vin# JHMECG8658PS041816   and 1992 Silver Acura Integra vin# JH4DA9346KL5007267.   Please contact the undersigned if you wish to make arrangements to view these vehicles.

M.     Latent fingerprints of the defendants were recovered in this case. See attached Finger print lab report referenced above.

The United States demands, pursuant to Federal Rule of Criminal Procedure 12.1, notice of the defendant's intention to offer a defense of alibi. The approximate date, time and place at which the alleged offenses were committed are as follows:

Date:          October 20, 2000 6:40AM to 7:00AM

Place          2789 University Drive
               Coral springs, Broward County, Florida

                         Respectfully submitted,

                         GUY A. LEWIS
                         UNITED STATES ATTORNEY

                    By:  Thomas P. Lanigan
                         ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was mailed this 13rd day of November ,2000 to: Darryl Wilcox, Assistant Federal Public Defender 111 NE 3rd Ave Fort Lauderdale, FL and Barry Wax, Esq. 201 S. Biscayne Blvd. Miami, FL 33131

                         Thomas P. Lanigan
                         ASSISTANT UNITED STATES ATTORNEY

cc: S/A Jim Lewis, FBI
    S/A Eric Miller, FBI

```
                        Crimes Management System         Page:   1
 Progrm: CMS301              Incident Report
```

Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT ***

Date of Occurrence.: 10/20/00 thru 10/20/00 Time of Occur.:  6:40 thru  6:47
Date of Report.....: 10/20/00              Time of Report:  6:43
Dispatched.........: 10/20/00 @  6:49      Responded.....:         @  0:00
Arrived............: 10/20/00 @  6:49      Cleared.......: 10/21/00 @  1:50


**************************** N A R R A T I V E   # 27 ****************************
PROCESSING REPORT        Reported By: ADAMS, KEVIN M.                  10/30/00
                         Entered By.: ADAMS, KEVIN M.                  10/30/00
                         Reviewed By: HINES, THOMAS E.                 11/01/00

        CASE NUMBER      00 13181
        CASE TYPE        ROBBERY ARMED
        ADDRESS          2789 UNIVERSITY DR
        DATE             FRIDAY, OCTOBER 20, 2000
        ITEMS PROCESSED  ONE MOSSBERG 12 GAUGE 18 1/2 INCH CYLINDER BORE
                         SHOTGUN (RJO #3), TWO LATEX GLOVES (RJO #1 &
                         #2), ONE MAK 9MM BLUE STEEL HANDGUN SERIAL NUMBER
                         F8539 (RJO #4), AND THREE SPENT SHOTGUN SHELLS-
                         WINCHESTER MAG 1 1/2 STEEL SHOT (RJO #6, 7, & 8).
                         ALL LISTED ITEMS WERE COLLECTED AT 2710
                         FOREST HILLS BLVD BY CRIME SCENE TECHNICIAN
                         R. OEHLER.
        ITEMS COLLECTED  FOUR POLAROID PHOTOGRAPHS AND TWO LATENT FINGER-
                         PRINT CARDS AND LIFTS
        NARRATIVE        THE ABOVE LISTED ITEMS WERE PROCESSED WITH
                         CYANOACRYLATE FUMING AND BLACK MAGNETIC FINGERPRINT
                         POWDER FOR LATENT FINGERPRINTS OF COMPARABLE VALUE.
                         LATENT FINGERPRINTS OF COMPARABLE VALUE WERE
                         DEVELOPED ON BOTH LATEX GLOVES (RJO #1 AND #2),
                         AND ON THE SHOTGUN (RJO #3).  EACH OF THE LATEX
                         GLOVES WERE PHOTOGRAPHED WITH THE POLAROID MP-4
                         CAMERA USING HIGH CONTRAST BLACK AND WHITE FILM.
                         FOUR POLAROID PHOTOGRAPHS WERE DEVELOPED.   THE
                         PHOTOGRAPHS WERE LISTED AS FOLLOWS:

                         18.  GLOVE (RJO #1)
                         19.  GLOVE (RJO #1)
                         20.  GLOVE (RJO #2)
                         21.  GLOVE (RJO #2)

                         TWO LATENT FINGERPRINT LIFTS WERE PRODUCED FROM
                         THE EXTERIOR BARREL AREA OF THE SHOTGUN.   THE
                         LIFTS DEVELOPED FROM THE SHOTGUN WERE LISTED:

                         22.  SHOTGUN BARREL-EXT (RJO #3)
                         23.  SHOTGUN BARREL-EXT (RJO #3)

        TOTAL TIME:   1 HOUR AND 25 MINUTES.

        OFFICER(s) Reporting:  Signed and hereby Sworn

```
                             Crimes Management System        Page:    2
Progrm: CMS301                    Incident Report
```

Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

        to:_____ID#_____Date_____

        Sworn To And Subscribed Before Me:

                              _____ID#_____Date_____

**************************** N A R R A T I V E    # 28 ****************************
PROCESSING REPORT              Reported By: ADAMS, KEVIN M.                    10/30/00
                               Entered By.: ADAMS, KEVIN M.                    10/30/00
                               Reviewed By: HINES, THOMAS E.                   11/01/00

        CASE NUMBER        00 13181
        CASE TYPE          ARMED ROBBERY
        ADDRESS            2789 UNIVERSITY DR
        DATE               FRIDAY, OCTOBER 20, 2000
        VEHICLE            RED 2DR HONDA CIVIC
        TIME PROCESSED     1230
        NARRATIVE          DUE TO THE HIGH VOLUME OF ACTIVITY, THIS EXAMINER
                           ASSISTED IN THE PROCESSING OF THE ABOVE LISTED
                           VEHICLE.    THE VEHICLE WAS PROCESSED WITH BLACK
                           LATENT FINGERPRINT POWDER FOR LATENT FINGERPRINTS
                           OF COMPARABLE VALUE.    ONE LIFT WAS OBTAINED FROM
                           THE INTERIOR OF THE REAR DRIVER SIDE WINDOW
                           (LATENT #24).

        TOTAL TIME 20 MINUTES.

        OFFICER(s) Reporting:  Signed and hereby Sworn

        to:_____ID#_____Date_____

        Sworn To And Subscribed Before Me:

                              _____ID#_____Date_____

**************************** N A R R A T I V E    # 29 ****************************
PROCESSING REPORT              Reported By: ADAMS, KEVIN M.                    10/30/00
                               Entered By.: ADAMS, KEVIN M.                    10/30/00
                               Reviewed By: HINES, THOMAS E.                   11/01/00

        CASE NUMBER        00 13181
        CASE TYPE          ARMED ROBBERY
        ADDRESS            2789 UNIVERSITY DR
        DATE               TUESDAY, OCTOBER 24, 2000
        TIME PROCESSED     1410
        ITEMS PROCESSED    FIVE LATEX GLOVES
                           ITEM #24 (2) COLLECTED FROM 2789 UNIVERSITY DR
                           ITEMS #2, 2A, AND 6A, COLLECTED BY FBI ERT
                               AND RECEIVED BY CST LUSTIGMAN AT 2801
                               CORAL SPRINGS DR

```
---------------------------------------------------------------------
                           Crimes Management System          Page:   3
Progrm: CMS301                   Incident Report
---------------------------------------------------------------------
Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)
```

       ITEMS COLLECTED     TWO POLAROID PHOTOGRAPHS
       CAMERA EQUIPMENT    POLAROID MP-4 CAMERA, AND HIGH CONTRAST BLACK AND
                           WHITE POLAROID FILM
       NARRATIVE           THE FIVE LATEX GLOVES WERE PROCESSED WITH
                           CYANOACRYLATE FUMING AND BLACK MAGNETIC FINGER-
                           PRINT POWDER FOR LATENT FINGERPRINTS OF COMPARABLE
                           VALUE.  RIDGE DETAIL AND RIDGE CHARACTERISTICS
                           WERE DEVELOPED ON ONE OF THE LATEX GLOVES
                           (ITEM #24).  THE RIDGE DETAIL WAS PHOTOGRAPHED
                           WITH THE POLAROID MP-4 CAMERA, AND TWO POLAROID
                           PHOTOGRAPHS WERE PRODUCED.  THE PHOTOGRAPHS WILL
                           BE LISTED AS NUMBERS #25 AND #26, TO BE FILED AND
                           PLACED WITH OTHER PHOTOGRAPHS AND LATENT FINGER-
                           PRINT CARDS RELATED TO THIS CASE.

       TOTAL TIME:  2 HOURS AND 10 MINUTES.

       OFFICER(s) Reporting:  Signed and hereby Sworn

       to:_____ID#_____Date_____

       Sworn To And Subscribed Before Me:

       _____ID#_____Date_____

```
************************** N A R R A T I V E   # 30 **************************
PROCESSING REPORT           Reported By: ADAMS, KEVIN M.                10/30/00
                            Entered By.: ADAMS, KEVIN M.                10/30/00
                            Reviewed By: HINES, THOMAS E.               11/01/00
```

       CASE NUMBER         00 13181
       CASE TYPE           ARMED ROBBERY
       ADDRESS             2789 UNIVERSITY DR
       DATE                FRIDAY, OCTOBER 27, 2000
       TIME PROCESSED      0700
       ITEMS PROCESSED     EIGHT 380 WINCHESTER ROUNDS (RJO #4-MAK 9MM HAND-
                           GUN ALSO RJO #4), ONE ACU-COUNT 601 SCALE (EC #1),
                           AND ONE TRIPLE BEAM BALANCE SCALE (EC #3)
       ITEMS COLLECTED     EIGHT LATENT FINGERPRINT CARDS AND LIFTS
       NARRATIVE           THE 380 WINCHESTER ROUNDS WERE PROCESSED WITH
                           CYANOACRYLATE FUMING AND BLACK MAGNETIC FINGER-
                           PRINT POWDER FOR LATENT FINGERPRINTS OF COMPARABLE
                           VALUE.  THE RESULTS WERE NEGATIVE AS TO LATENT
                           FINGERPRINTS OF COMPARABLE VALUE.  THE SCALES
                           WERE PROCESSED WITH BLACK MAGNETIC FINGERPRINT
                           POWDER FOR LATENT FINGERPRINTS OF COMPARABLE
                           VALUE.  LIFTS WERE OBTAINED FROM:

                           27.  TRIPLE BEAM BALANCE SCALE-EXT (EC #3)
                           28.  SCALE-ACU COUNT 601-EXT (EC #1)
                           29.  TRIPLE BEAM BALANCE SCALE-EXT (EC #3)

```
                            Crimes Management System          Page:    4
 Progrm: CMS301                 Incident Report
```
--------------------------------------------------------------------------

Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

                30.  SCALE-ACU COUNT 601-EXT (EC #1)
                31.  TRIPLE BEAM BALANCE SCALE-EXT (EC #3)
                32.  SCALE-BOTTOM TRAY-EXT-ACU COUNT 601 (EC #1)
                33.  SCALE-BATTERY-EXT-ACU COUNT 601 (EC #1)
                34.  SCALE-EXT-ACU COUNT 601 (EC #1)

                ALL LATENTS WILL BE FILED WITH OTHER LATENT CARDS
                AND PHOTOGRAPHS RELATED TO THIS CASE.

TOTAL TIME:  2 HOURS AND 25 MINUTES.

OFFICER(s) Reporting:  Signed and hereby Sworn

to:_____ID#_____Date_____

Sworn To And Subscribed Before Me:

_____ID#_____Date_____

**************************** N A R R A T I V E   # 31 ****************************
LATENT COMPARISON REPORT  Reported By: ADAMS, KEVIN M.                    10/30/00
                        Entered By.: ADAMS, KEVIN M.                    10/30/00
                        Reviewed By: PUSTIZZI, ANTHONY J.                11/03/00

CASE NUMBER      00 13181
CASE TYPE        ARMED ROBBERY
ADDRESS          2789 UNIVERSITY DR
DATE             MONDAY, OCTOBER 20, 2000
NARRATIVE        THE DEVELOPED LATENT FINGERPRINTS IN THIS CASE
                 CONSISTED OF LATENT FINGERPRINT CARDS CONTAINING
                 LIFTS AND POLAROID PHOTOGRAPHS ILLUSTRATING
                 IMAGES OF DEVELOPED LATENTS.  LATENT FINGERPRINTS
                 IN THIS CASE WERE SUBMITTED BY CRIME SCENE
                 TECHNICIAN ROBERT J. OEHLER, LATENT EXAMINER KEVIN
                 M. ADAMS, AND CRIME SCENE TECHNICIAN SHEILA D.
                 LUSTIGMAN.  CRIME SCENE TECHNICIAN OEHLER SUBMITTED
                 LATENT FINGERPRINT CARDS AND PHOTOGRAPHS NUMBER ONE
                 THROUGH SEVENTEEN.  LATENT FINGERPRINT CARDS AND
                 PHOTOGRAPHS EIGHTEEN THROUGH THIRTY FOUR, WERE
                 SUBMITTED BY LATENT EXAMINER KEVIN M. ADAMS.
                 LATENT FINGERPRINT CARDS THIRTY FIVE THROUGH
                 FOURTY SEVEN, WERE SUBMITTED BY CRIME SCENE
                 TECHNICIAN SHEILA D. LUSTIGMAN.
                 ALL LATENT FINGERPRINT CARDS AND POLAROID PHOTO-
                 GRAPHS WERE COMPARED AGAINST THE TEN PRINT FINGER-
                 PRINT AND PALM PRINT CARDS OF LOWEN ISAAC
                 ESPINUEVA (BU #19030) AND WILLIAM JERMAINE CLAYTON
                 (BU# 19032).  THE TEN PRINT AND PALM PRINT CARDS
                 OF MR. ESPINUEVA AND MR. CLAYTON ARE RETAINED ON
                 FILE AT THE CORAL SPRINGS POLICE DEPARTMENT.
                 THE RESULTS OF THE COMPARISON ARE AS FOLLOWS:

```
------------------------------------------------------------------------
                        Crimes Management System              Page:    5
Progrm: CMS301                Incident Report
------------------------------------------------------------------------
  Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)
```

POLAROID PHOTOGRAPH NUMBER EIGHT SUBMITTED BY
R. OEHLER DEPICTED THREE LATEX GLOVE FINGERS.
TWO OF THE LATEX FINGERS WERE IDENTIFIED AS THE
RIGHT INDEX (#2 10 POINTS) AND RIGHT MIDDLE (#3
12 POINTS) FINGERS OF LOWEN ESPINUEVA.

POLAROID PHOTOGRAPH NUMBER NINE SUBMITTED BY
R. OEHLER DEPICTED THREE LATEX GLOVE FINGERS. ONE
OF THE LATEX FINGERS WAS IDENTIFIED AS THE LEFT
RING (#9 11 POINTS) FINGER OF LOWEN ESPINUEVA.

POLAROID PHOTOGRAPH NUMBER TEN SUBMITTED BY ROBERT
OEHLER DEPICTED ONE LATEX GLOVE FINGER.   THE
RIDGED IMPRESSION ON THE LATEX FINGER WAS
IDENTIFIED AS THE RIGHT INDEX (#2 7 POINTS) OF
LOWEN ESPINUEVA.

POLAROID PHOTOGRAPH NUMBER ELEVEN SUBMITTED BY
ROBERT OEHLER DEPICTED THREE LATEX GLOVE FINGERS.
THE RIDGED IMPRESSIONS ON THE FINGERS WERE
IDENTIFIED AS THE RIGHT INDEX (#2 7 POINTS), AND
THE RIGHT MIDDLE (#3 6 POINTS) FINGERS OF LOWEN
ESPINUEVA.

THE NUMBER TWELVE POLAROID PHOTOGRAPH SUBMITTED BY
ROBERT OEHLER DEPICTED THREE LATEX GLOVE FINGERS
THE RIDGED IMPRESSIONS ON THE LATEX GLOVE
FINGERS WERE IDENTIFIED AS THE RIGHT INDEX (#2
9 POINTS) AND THE RIGHT MIDDLE (#3 8 POINTS)
FINGERS OF LOWEN ESPINUEVA.

THE NUMBER THIRTEEN POLAROID PHOTOGRAPH SUBMITTED
BY ROBERT OEHLER DEPICTED ONE LATEX GLOVE FINGER.
THE RIDGED IMPRESSION ON THE LATEX GLOVE FINGER
WAS IDENTIFIED AS THE RIGHT INDEX (#2 8 POINTS) OF
LOWEN ESPINUEVA.

POLAROID PHOTOGRAPH NUMBER FOURTEEN SUBMITTED BY
ROBERT OEHLER DEPICTED ONE LATEX GLOVE FINGER.
THE RIDGED IMPRESSION ON THE LATEX FINGER WAS
IDENTIFIED AS THE RIGHT INDEX (#2 5 POINTS) OF
LOWEN ESPINUEVA.

POLAROID PHOTOGRAPH NUMBER FIFTEEN SUBMITTED BY
ROBERT OEHLER DEPICTED FIVE LATEX GLOVE FINGERS.
THE RIDGED IMPRESSIONS ON TWO OF THE LATEX FINGERS
WERE IDENTIFIED AS THE RIGHT INDEX (#2 6 POINTS)
AND THE RIGHT MIDDLE (#3 6 POINTS OF LOWEN
ESPINUEVA.

--------------------------------------------------------------------------------
                          Crimes Management System                Page:    6
    Progrm: CMS301                    Incident Report
--------------------------------------------------------------------------------
    Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

                    POLAROID PHOTOGRAPH NUMBER SIXTEEN SUBMITTED BY
                    ROBERT OEHLER DEPICTED A CLOSE-UP PHOTOGRAPH OF
                    A LATEX GLOVE.  THE RIDGED IMPRESSION ON THE LATEX
                    GLOVE WAS IDENTIFIED AS THE RIGHT INDEX (#2 4
                    POINTS) FINGERS OF LOWEN ESPINUEVA.

                    POLAROID PHOTOGRAPH NUMBER SEVENTEEN SUBMITTED BY
                    ROBERT OEHLER DEPICTED A CLOSE-UP LATEX GLOVE
                    FINGER.  THE RIDGED IMPRESSIONS ON THE LATEX
                    FINGER WAS IDENTIFIED TO THE RIGHT INDEX (#2
                    6 POINTS) FINGER OF LOWEN ESPINUEVA.

                    POLAROID PHOTOGRAPH NUMBER EIGHTEEN SUBMITTED BY
                    KEVIN ADAMS DEPICTED FOUR LATEX GLOVE FINGERS WITH
                    RIDGE IMPRESSIONS. TWO OF THE FINGERS WERE
                    IDENTIFIED AS THE RIGHT INDEX (#2 18 POINTS) AND
                    THE RIGHT MIDDLE (#3 23 POINTS) FINGERS OF LOWEN
                    ESPINUEVA.

                    POLAROID PHOTOGRAPH NUMBER NINETEEN SUBMITTED BY
                    KEVIN ADAMS FOUR LATEX GLOVE FINGERS WITH RIDGED
                    IMPRESSIONS.  TWO OF THE FINGERS WERE IDENTIFIED
                    AS THE RIGHT INDEX (#2 22 POINTS) AND THE RIGHT
                    MIDDLE (#3 20 POINTS) FINGERS OF LOWEN ESPINUEVA.

                    POLAROID PHOTOGRAPH NUMBER TWENTY DEPICTED FOUR
                    LATEX GLOVE FINGERS WITH RIDGED IMPRESSIONS.
                    THREE OF THE FINGERS WERE IDENTIFIED AS THE
                    LEFT INDEX (#7 15 POINTS), THE LEFT MIDDLE (#8
                    10 POINTS), AND THE LEFT RING (#9 13 POINTS)
                    FINGERS OF LOWEN ESPINUEVA.    SUBMITTED BY KEVIN
                    ADAMS.

                    POLAROID PHOTOGRAPH NUMBER TWENTY ONE SUBMITTED BY
                    KEVIN ADAMS DEPICTED FOUR LATEX GLOVE FINGERS WITH
                    RIDGED IMPRESSIONS.  THREE OF THE FINGERS WERE
                    IDENTIFIED AS THE LEFT INDEX (#7 14 POINTS), THE
                    LEFT MIDDLE (#8 14 POINTS), AND THE LEFT RING
                    (#9 12 POINTS) OF LOWEN ESPINUEVA.

                    LATENT FINGERPRINT CARD NUMBER TWENTY TWO (LIFTED
                    FROM MOSSBERG SHOTGUN RJO #3) SUBMITTED BY KEVIN
                    ADAMS WAS IDENTIFIED AS THE LEFT PALM OF LOWEN
                    ESPINUEVA (10 POINTS).

                    LATENT FINGERPRINT CARD NUMBER TWENTY THREE SUBMITT-

                    ED BY KEVIN ADAMS WAS IDENTIFIED AS THE LEFT PALM
                    OF LOWEN ESPINUEVA (10 POINTS).

----------------------------------------------------------------------
                      Crimes Management System              Page:    7
Progrm: CMS301              Incident Report
----------------------------------------------------------------------
 Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

              LATENT FINGERPRINT CARD NUMBER TWENTY SEVEN SUBMITT-
              ED BY KEVIN ADAMS WAS IDENTIFIED AS THE RIGHT INDEX
              (#2 7 POINTS) FINGER OF LOWEN ESPINUEVA.

              LATENT FINGERPRINT CARD NUMBER THIRTY TWO SUBMITTED
              BY KEVIN ADAMS WAS IDENTIFIED AS THE LEFT INDEX
              (#7 10 POINTS) FINGER OF LOWEN ESPINUEVA.

              LATENT FINGERPRINTS CARD NUMBER THIRTY THREE
              SUBMITTED BY KEVIN ADAMS WAS IDENTIFIED AS THE
              RIGHT MIDDLE (#3 14 POINTS) FINGER OF LOWEN
              ESPINUEVA.

              ALL LATENT FINGERPRINTS IDENTIFIED WILL BE SUB-
              MITTED FOR VERIFICATION.

     TOTAL TIME:  3 HOURS

     OFFICER(s) Reporting:  Signed and hereby Sworn

     to:_____ID#_____Date_____

     Sworn To And Subscribed Before Me:

     _____ID#_____Date_____

 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FD-302 (Rev 10-6-95)

- 1 -

**FEDERAL BUREAU OF INVESTIGATION**

Date of transcription     11/07/2000

   MIKE MAMUSCIA, a white male, born March 27, 1961, Social Security Account Number 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, whose home address is 11401 Northwest 43rd Street, Coral Springs, Florida, cellular telephone number (954) 729-4614, was interviewed at his home.  After being advised of the identity of the interviewing Agent and the purpose of the interview, MAMUSCIA provided the following information:

   MAMUSCIA was at home on October 20, 2000, at approximately 6:30 AM when both his alarm clock and his television alarm went off.  At approximately 7:00 AM, MAMUSCIA left his bedroom area inside of his house to make coffee.  While walking to the kitchen, MAMUSCIA saw his son, LOWEN ESPINUEVA, lying on the couch with a sheet pulled up around his chest at approximately 7:00 AM.  At approximately 7:15 AM, MAMUSCIA heard a knock on the front door.  At approximately 7:30 AM, MAMUSCIA left the house with his younger son, KYLE ESPINUEVA.  At approximately 7:30 AM when MAMUSCIA left the house, he did not see his other son, LOWEN ESPINUEVA.

   MAMUSCIA attempted to call LOWEN ESPINUEVA at (954) 899-7619 at approximately 10:00 AM to see why LOWEN ESPINUEVA had left so early in the morning.  MAMUSCIA knows an individual named JERMAINE Last Name Unknown (LNU), who lives in Fort Lauderdale, that came by the evening of October 19, 2000.  LOWEN ESPINUEVA and JERMAINE LNU have known each other for several years and are close friends.  MAMUSCIA also knows another individual named MARK LNU, who is a cousin of JERMAINE LNU and has a very close relationship with JERMAINE LNU.

   MAMUSCIA had no knowledge of the October 20, 2000, attempted robbery of the BRINKS armored car and is not aware of any involvement of his son, LOWEN ESPINUEVA or JERMAINE LNU.

| | | |
|---|---|---|
| Investigation on | 10/20/2000 | at Coral Springs, Florida |

File # 192C-MM-96243          Date dictated

by   SA Blake L. Vantrees

This document contains neither recommendations nor conclusions of the FBI.  It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)



I RETURNED TO THE POLICE STATION WITH SPECIAL AGENT, ERIK MILLER OF
THE F.B.I.  AT THE POLICE STATION, ESPINUEVA WAS READ HIS MIRANDA
WARNINGS ON TAPE AND HE WAIVED THE SAME.  ESPINUEVA WAS QUESTIONED BY
ME AND AGENT MILLER.   ESPINUEVA AT FIRST DENIED ANY KNOWLEDGE OF THE
ROBBERY INCIDENT.  ESPINUEVA STATED THAT JERMAINE WILLIAMS IS A
FRIEND OF HIS AND HE ALSO IS A CLIENT AS ESPINUEVA ADMITS TO SELLING
CANNIBIS.  ESPINUEVA STATED THAT WILLIAMS CAME TO HIS HOME AROUND 7
AM THIS DATE AND HE MET HIM OUTSIDE OF THE RESIDENCE.   ESPINUEVA
STATED THAT WILLIAMS HAD DRIVEN HIMSELF TO ESPINUEVA'S HOUSE IN HIS
SILVER            .  ESPINUEVA STATED THAT WILLIAMS ASKED HIM TO GET
HIM TO A HOSPITAL FOR A BULLET WOUND TO THE HEAD.  ESPINUEVA STATED
THAT HE ASKED WILLIAMS WHAT HAD HAPPENED BUT WILLIAMS DID NOT ANSWER

--------------------------------------------------------------------------
Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

HIM.  ESPINUEVA ADVISED THAT HE KNOCKED ON DANA SAMPSON'S DOOR AND
REQUESTED THAT SHE DRIVE HIM AND WILLIAMS TO THE HOSPITAL BECAUSE HE
DOESN'T HAVE A LICENSE.  DANA SAMPSON ACCEDES TO THIS REQUEST AND
TAKE HER YOUNG DAUGHTER WITH HER.  ESPINUEVA STATES THAT WILLIAMS DID
NOT WANT TO BE TAKEN TO CORAL SPRINGS HOSPITAL (WHICH IS NEARBY) BUT
TO EITHER BOCA RATON OR PLANTATION HOSPITAL (WHICH IS SEVERAL MILES
AWAY)  ESPINUEVA STATED THAT THEY DROVE TO A 7-ELEVEN ON WILES RD.
AND PURCHASED BOTTLED WATER AND THEN DROVE ON THE SAWGRASS EXPRESSWAY
TOWARD PLANTATION.  ESPINUEVA STATED THAT REPEATED REQUESTS ABOUT
WHAT HAPPENED TO WILLIAMS WERE IGNORED.  ESPINUEVA STATED THAT THEY
DROPPED OFF WILLIAMS AND RETURNED TO CORAL SPRINGS.  ESPINUEVA STATED
THAT HE DOES NOT KNOW HOW WILLIAMS WAS SHOT.  ESPINUEVA ALSO CLAIMED
TO HAVE NO KNOWLEDGE OF THE ROBBERY ATTEMPT.  HE STATED THAT HE WAS
NOT IN THE RED HONDA CIVIC.  I HAD MENTIONED A RED HONDA BUT HAD NOT
MENTIONED THE MODEL OF THE CAR.   ESPINUEVA WAS ASKED TO SUBMIT TO A
GUNSHOT RESIDUE TEST.  ESPINUEVA WILLINGLY SUBMITTED TO THIS TEST.
ESPINUEVA WAS THEN TAKEN TO A HOLDING CELL FOR A FEW MINUTES.



I CONTINUED MY INTERVIEW WITH ESPINUEVA ALONG WITH AGENT MILLER.   I
INFORMED ESPINUEVA IN A RUSE THAT HIS GUNSHOT RESIDUE TEST HAD COME
BACK POSITIVE. (THE TEST HAD NOT BEEN COMPLETED AS YET.)  I ALSO
REQUESTED HIM TO SUBMIT VOLUNTARILY TO A VOICE STRESS TEST.
ESPINUEVA BECAME EMOTIONAL AND STARTED WEEPING.  ESPINUEVA STATED
THAT HE DID NOT TELL ME EVERYTHING THAT HE KNEW CONCERNING THIS
INCIDENT.  ESPINUEVA STATED THAT HE AND WILLIAMS HAS STOLEN THE HONDA
TWO WEEKS AGO.  ESPINUEVA STATED THAT WILLIAMS HAD BEEN ASKING HIM TO
DO A ROBBERY WITH HIM.  ESPINUEVA STATED THAT WILLIAMS HAD INDICATED
THAT HE WAS GOING TO SHOOT SOMEONE IN THE COURSE  OF THE ROBBERY.
ESPINUEVA STATED THAT WILLIAMS HAD COME TO HIS HOME AROUND 6:00 AM ON
THIS DATE AND WOKE HIM UP.  WILLIAMS TOLD ESPINUEVA "LETS GO, LET'S
DO IT."  ESPINUEVA STATED THAT HE KNEW THAT WILLIAMS WAS TALKING
ABOUT COMMITTING A ROBBERY.  ESPINUEVA STATES THAT HE TOLD WILLIAMS
THAT HE WOULDN'T GO.  ESPINUEVA STATES THAT HE WAS AFRAID BECAUSE HE
KNEW THAT WILLIAMS WANTED TO SHOOT SOMEONE.  ESPINUEVA STATES THAT HE
DIDN'T GO OUTSIDE OF HIS HOUSE AND DIDN'T SEE ANYONE WITH WILLIAMS
WHEN WILLIAMS LEFT THE RESIDENCE.  ESPINUEVA STATES THAT WILLIAMS
SAID "SEE THE POLICE GOT YOU SCARED." AS HE WAS LEAVING.  ESPINUEVA
STATES THAT WILLIAMS RETURNED TO HIS HOME AND HAD SUSTAINED A GUNSHOT
WOUND TO THE HEAD.  ESPINUEVA STATES THAT ON THE WAY TO PLANTATION
HOSPITAL WILLIAMS SAID "I PULLED MY GUN AND FIRED, AND I GOT SHOT."
ESPINUEVA CONTINUED TO DENY BEING WITH WILLIAMS AT THE TIME OF THE
ROBBERY OR EVEN HAVING KNOWLEDGE OF WHO WILLIAMS WAS GOING TO ROB.
ESPINUEVA ADMITS TO CLEANING WILLIAMS CAR OF BLOOD WITH THE CLEANING

Crimes Management System                              Page:     6
Incident Report

Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

FLUID AFTER HE RETURNED FROM THE HOSPITAL.  ESPINUEVA WAS ASKED TO
TAKE A VOICE STRESS ANALYSIS.  ESPINUEVA AGREED TO TAKE THE TEST AND
IT WAS ADMINISTERED BY DET. FRANK GROSS WHO IS CERTIFIED TO GIVE SUCH
TEST.  AFTER THE TEST DET. GROSS ADVISED THAT THE RESULTS OF THE TEST
SHOWED DECEPTION ON THE PART OF ESPINUEVA ON QUESTIONS CONCERNING THE
ROBBERY, HIS INVOLVEMENT, KNOWLEDGE OF THE ROBBERY, ESPINUEVA'S
SHOOTING DURING THE ROBBERY AND WHETHER HE HAD BEEN TRUTHFUL WITH
INVESTIGATORS CONDUCTING THE QUESTIONING.  ESPINUEVA WAS ADVISED OF
THESE RESULTS.  ESPINUEVA AT THAT POINT ADVISED THAT HE NO LONGER
WANTED TO ANSWER ANY QUESTIONS UNTIL HE SPOKE TO AN ATTORNEY.  NO
FURTHER QUESTIONS WERE ASKED OF ESPINUEVA.
   (SEE DET. GROSS'S SUPPLEMENT)



THIS CASE IS OPEN/ACTIVE PENDING.

20 HRS/ADULT

OFFICER(s) Reporting,  Signed and hereby Sworn

to: _____ ID# _792_ Date _10-23-00_

Sworn To And Subscribed Before Me:

_____ ID#_____ Date_____

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

-------------------------------------------------------------------------
Case No.: 1-00-011004 *** CORAL SPRINGS POLICE DEPARTMENT ***  (Continued)

Statute Ordinance.: 790.01  (2   )
Theft by Computer.:
Reason for Attack.:
UCR Type of Weapon:
Entry - How/Where?:
Forced Entry......:
Structure Occupcy.: OCCUPIED                      # Premises:
Evidence Collected:
Criminal Activity.:
Location Type.....: MOTOR VEHICLE
State Disposition.: ADULT ARRESTED                        A
UCR Incident Stat.: CLEARED BY ARREST - ADULT          Date:  8/28/00
Arrest Case #.....:        11004      # of People Arrested:  1
Excpt. Cleared Typ:
Rept. UCR Offense#:

        Offense #:   3
State UCR Classif.:
UCR Classification: LOITERING/PROWLING - ARREST
Attempt./Committed: COMMITTED
Statute Ordinance.: 856.021 (    )
Theft by Computer.:
Reason for Attack.:
UCR Type of Weapon:
Entry - How/Where?:
Forced Entry......:
Structure Occupcy.: OCCUPIED                      # Premises:
Evidence Collected:
Criminal Activity.:
Location Type.....: MOTOR VEHICLE
State Disposition.: ADULT ARRESTED                        A
UCR Incident Stat.: CLEARED BY ARREST - ADULT          Date:  8/28/00
Arrest Case #.....:        11004      # of People Arrested:  1
Excpt. Cleared Typ:
Rept. UCR Offense#:

***************** P R O P E R T Y   I N F O R M A T I O N *******************

    ** EVIDENCE **                    P R O P E R T Y  #   1
Description......: PISTOL                        Color:
Serial Number...: D5488                          Make.: BROWNING
Condition.......: BSO LAB 9/1/00                 Model:
   CSPD Prop Type FIREARMS                       Year.: 0000
Property Type...: GUN OTHER                          G
Insured (Y/N)...:                          NCIC#.:
NCIC Entry Date.:                 NCIC Cancel Date.
Insured By......:                            FDLE#.:
$Value..........      $200.00   Qty: 1      ID #..:
Property Damaged:
Stolen Location.:
     City/ST/PR:

```
                          Crimes Management System              Page:    3
Progrm: CMS301                 Incident Report
-----------------------------------------------------------------------------
Case No.: 1-00-011004 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

  Recovered By....:                                    $Value:         $0.00
  Recovery Locat`n:                                           Date:
     City/ST/PR:                                             Time:   0:00
  Control. Officer: STEVEN G BRYSON

     ** EVIDENCE **                       P R O P E R T Y  #    2
  Description.....: MAGAZINE/BROWNING              Color:
  Serial Number...: BSO LAB 9/1/00                Make.:
  Condition.......:                               Model:
    CSPD Prop Type MISCELLANEOUS                  Year.: 0000
  Property Type...: MISCELLANEOUS                    Z
  Insured (Y/N)...:                          NCIC#.:
  NCIC Entry Date.:                 NCIC Cancel Date.
  Insured By......:                          FDLE#.:
  $Value.........      $15.00    Qty: 1       ID #..:
  Property Damaged:
  Stolen Location.:
     City/ST/PR:
  Recovered By....:                                    $Value:         $0.00
  Recovery Locat`n:                                           Date:
     City/ST/PR:                                             Time:   0:00
  Control. Officer: STEVEN G BRYSON

     ** EVIDENCE **                       P R O P E R T Y  #    3
  Description.....: BULLETS                        Color:
  Serial Number...: BSO LAB 9/1/00                Make.:
  Condition.......:                               Model:
    CSPD Prop Type MISCELLANEOUS                  Year.: 0000
  Property Type...: MISCELLANEOUS                    Z
  Insured (Y/N)...:                          NCIC#.:
  NCIC Entry Date.:                 NCIC Cancel Date.
  Insured By......:                          FDLE#.:
  $Value.........       $2.00    Qty: 9       ID #..:
  Property Damaged:
  Stolen Location.:
     City/ST/PR:
  Recovered By....:                                    $Value:         $0.00
  Recovery Locat`n:                                           Date:
     City/ST/PR:                                             Time:   0:00
  Control. Officer: STEVEN G BRYSON

     ** EVIDENCE **                       P R O P E R T Y  #    4
  Description.....: BULLET VEST                     Color:
  Serial Number...: 3T10005221                     Make.: POINT BLANK
  Condition.......:                               Model:
    CSPD Prop Type MISCELLANEOUS                  Year.: 0000
  Property Type...: MISCELLANEOUS                    Z
  Insured (Y/N)...:                          NCIC#.:
  NCIC Entry Date.:                 NCIC Cancel Date.
  Insured By......:                          FDLE#.:
  $Value.........     $200.00    Qty: 1       ID #..:
```

---------------------------------------------------------------------
Case No.: 1-00-011004 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

Property Damaged:
Stolen Location.:
    City/ST/PR:
Recovered By....:                                    $Value:         $0.00
Recovery Locat`n:                                         Date:
    City/ST/PR:                                           Time:  0:00
Control. Officer: STEVEN G BRYSON

    ** EVIDENCE **                    P R O P E R T Y  #   5
Description.....: BULLET RESISTANT              Color:
Serial Number...:                              Make.: POINT BLANK
Condition.......:                              Model:
  CSPD Prop Type MISCELLANEOUS                 Year.: 0000
Property Type...: MISCELLANEOUS                  Z
Insured (Y/N)...:                         NCIC#.:
NCIC Entry Date.:              NCIC Cancel Date.
Insured By......:                         FDLE#.:
$Value.........    $200.00    Qty: 1     ID #..:
Property Damaged:
Stolen Location.:
    City/ST/PR:
Recovered By....:                                    $Value:         $0.00
Recovery Locat`n:                                         Date:
    City/ST/PR:                                           Time:  0:00
Control. Officer: STEVEN G BRYSON

    ** EVIDENCE **                    P R O P E R T Y  #   6
Description.....:                               Color:
Serial Number...:                              Make.: MK IV
Condition.......:                              Model: FL00013
  CSPD Prop Type MISCELLANEOUS                 Year.: 0000
Property Type...: MISCELLANEOUS                  Z
Insured (Y/N)...:                         NCIC#.:
NCIC Entry Date.:              NCIC Cancel Date.
Insured By......:                         FDLE#.:
$Value.........     $40.00    Qty: 1     ID #..:
Property Damaged:
Stolen Location.:
    City/ST/PR:
Recovered By....:                                    $Value:         $0.00
Recovery Locat`n:                                         Date:
    City/ST/PR:                                           Time:  0:00
Control. Officer: STEVEN G BRYSON

    ** EVIDENCE **                    P R O P E R T Y  #   7
Description.....: HANDCUFFS                     Color:
Serial Number...: 714121                       Make.: PEERLESS
Condition.......:                              Model: 800
  CSPD Prop Type MISCELLANEOUS                 Year.: 0000
Property Type...: MISCELLANEOUS                  Z
Insured (Y/N)...:                         NCIC#.:

--------------------------------------------------------------------------
Case No.: 1-00-011004 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

NCIC Entry Date.:                    NCIC Cancel Date.
Insured By......:                              FDLE#.:
$Value.........          $40.00   Qty: 1       ID #..:
Property Damaged:
Stolen Location.:
      City/ST/PR:
Recovered By....:                              $Value:          $0.00
Recovery Locat`n:                                       Date:
      City/ST/PR:                                       Time:  0:00
Control. Officer: STEVEN G BRYSON

      ** EVIDENCE **                    P R O P E R T Y  #   8
Description.....: SCREWDRIVERS                  Color:
Serial Number...:                              Make.:
Condition.......:                              Model:
  CSPD Prop Type MISCELLANEOUS                 Year.: 0000
Property Type...: TOOLS/EQUIPMENT OTHER           E
Insured (Y/N)...:                              NCIC#.:
NCIC Entry Date.:                    NCIC Cancel Date.
Insured By......:                              FDLE#.:
$Value.........          $6.00    Qty: 1       ID #..:
Property Damaged:
Stolen Location.:
      City/ST/PR:
Recovered By....:                              $Value:          $0.00
Recovery Locat`n:                                       Date:
      City/ST/PR:                                       Time:  0:00
Control. Officer: STEVEN G BRYSON

      ** EVIDENCE **                    P R O P E R T Y  #   9
Description.....: PHOTOS                        Color:
Serial Number...:                              Make.:
Condition.......:                              Model:
  CSPD Prop Type MISCELLANEOUS                 Year.: 0000
Property Type...: PHOTO                            Z
Insured (Y/N)...:                              NCIC#.:
NCIC Entry Date.:                    NCIC Cancel Date.
Insured By......:                              FDLE#.:
$Value.........          $3.00    Qty: 3       ID #..:
Property Damaged:
Stolen Location.:
      City/ST/PR:
Recovered By....:                              $Value:          $0.00
Recovery Locat`n:                                       Date:
      City/ST/PR:                                       Time:  0:00
Control. Officer: STEVEN G BRYSON

****************** V E H I C L E   I N F O R M A T I O N ********************

                         V E H I C L E   #   1

    CSPD Prop Type

--------------------------------------------------------------------------
Case No.: 1-00-011004 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

  State Veh. Type.:                                  Year: 0000
Make.:                       Model: ESCORT          Permit#:
Style:                       Color:              /
License#.: B70BFH              ST: FL   Country....:
VIN/ENG#.:
  Vehicle Damaged Code:
  Damaged/Stolen Value:          $0.     Disposit`n:
  Insured (Y/N).......:                  Insured By:
  Controlling Officer.:
  Veh Feature/Oddity..:
  Keys in Vehicle.....:             Vehicle Locked:
  Lein Holder.........:
  Stolen Location.....:
        City/ST/PR...:
  NCIC#.......:                         FDLE#.:
  NCIC Ent Date:                              NCIC Can Date:
  Misc. ID #...:
  Recovered By.:
  Recovery Loc.:                                     Date:
    City/ST/PR:                                      Time:   0:00
                                                   $Value:       $0.
  Recovery Code:
  Owner Notifd.:            By Whom:

****************** P E R S O N   I N F O R M A T I O N ******************

      * S U S P E C T / A R R E S T E E*      INFORMATION  #   1
Name: JERMAINE CLAYTON WILLIAMS                      DOB.: 10/19/1979
Addr: 2790 SOMERSET DR            Apt: Q305          SSN.: 000000000
City: LAUDERDALE LAKES    ST: FL   ZIP: 33311        Phn#: 954/729-5535
POB.: JAMAICA             ST:       Country:
Empl:                                               Bus#:
Occp:
Race.......: BLACK                      Sex.: MALE
Ethnic Org.:
OL #.......: W452423793790     DL ST: FL  Country: UNITED STATES
Min. Height: 507 Ft./In.       Weight: 160 lbs    Misc#:
Max. Height: 507 Ft./In.       Weight: 160 lbs
Min. Age...: 20 Max: 20

****************** ADDITIONAL SUSPECT INFORMATION  #   1 *******************
  Hair Color..: BLACK                 Length.: SHORT ( up to 1/2" )
  Hair Style..:
  Eye Color...: BROWN                 Glasses:
  Complexion..: DARK                  Fl.Hair:
  Build.......: MEDIUM                Teeth..:
  Speech/Voice:
  Clothing....- Hat..:                   Shirt: BAGGY SHIRT
                Coat.:                   Pants: BAGGY BLUE JEAN
                Shoes:
  Body Marks#1:                       Marks#2:

--------------------------------------------------------------------------
Case No.: 1-00-011004 *** CORAL SPRINGS POLICE DEPARTMENT ***  (Continued)

      Marks#3:                          Marks#4:
 Hand Use....:                          NCIC#.:
 Caution/Haz.:                          Weapon.:
 State#......:                          ID #...:
 Status......: ARRESTED                 Arrest#:
 Marital stat:                          FBI#...:

        * S U S P E C T / A R R E S T E E*       INFORMATION  #   2
 Name: LOWEN ISAAC ESPINUEVA                            DOB.:  5/06/1981
 Addr: 11401 NW 43RD ST                                 SSN.: 000000000
 City: CORAL SPRINGS        ST: FL   ZIP: 000033065     Phn#:
 POB.: HAWAII               ST: HA    Country: UNITED STATES
 Empl:                                                  Bus#:
 Occp:
 Race.......: UNKNOWN                      Sex.: MALE
 Ethnic Org.:
 OL #.......:                   DL ST:      Country: UNITED STATES
 Min. Height: 507 Ft./In.       Weight: 150 lbs      Misc#:
 Max. Height: 507 Ft./In.       Weight: 150 lbs
 Min. Age...: 19 Max: 19

****************** ADDITIONAL SUSPECT INFORMATION #   2 ********************
 Hair Color..: BLACK                    Length.: SHORT ( up to 1/2" )
 Hair Style..:
 Eye Color...: BROWN                    Glasses:
 Complexion..: LIGHT                    Fl.Hair:
 Build.......: SMALL                    Teeth..:
 Speech/Voice:
 Clothing....- Hat..:                    Shirt: SHIRT
              Coat.:                    Pants: BAGGY BLUE JEAN
              Shoes:
 Body Marks#1:                          Marks#2:
      Marks#3:                          Marks#4:
 Hand Use....:                          NCIC#.:
 Caution/Haz.:                          Weapon.:
 State#......:                          ID #...:
 Status......: ARRESTED                 Arrest#:
 Marital stat:                          FBI#...:

        * V I C T I M *                        INFORMATION  #   1
 Name: MARK O OSHO                                      DOB.:  8/10/1978
 Addr: 6260 SOUTH FALLS CIRCLE DR    Apt: 109           SSN.: 000000000
 City: LAUDERHILL           ST: FL   ZIP: 33319         Phn#: 954/484-7912
 POB.:                      ST:       Country:
 Empl:                                                  Bus#:
 Occp: VICTIM
 Race.......: BLACK                        Sex.: MALE
 Ethnic Org.:
 OL #.......:                   DL ST:     Country:
 Min. Height: 000 Ft./In.       Weight:    lbs      Misc#:
 Max. Height:     Ft./In.       Weight:    lbs

--------------------------------------------------------------------------
  Case No.: 1-00-011004 *** CORAL SPRINGS POLICE DEPARTMENT ***  (Continued)

  Min. Age...: 22 Max: 22

******************** ADDITIONAL VICTIM INFORMATION  #   1 ********************
  Victim Type..........: ADULT
  Residence Type.......:
  Residence Status.....:
  Will File Charges....:
  Can Identify Offender:
  Sobriety of Victim...:
  Extent of Injury.....:
  Injury Type #1.......:
  Injury Type #2.......:
  Medical Treatment....:
  Hospital ID Code.....:
  Hand Use.............:
  Caution/Hazard.......:
  Weapon Held..........:
  Eye Color............:
  Hair Color...........:
  Marital Status.......:
  Physician`s Name: Lst-                    Fst-

       * V I C T I M *                    INFORMATION  #   2
  Name: LUIS A BAEZ                                   DOB.:  8/02/1981
  Addr: 149 NW 34TH ST                                SSN.: 000000000
  City: OAKLAND PARK        ST: FL    ZIP: 33309      Phn#: 954/567-2800
  POB.:                     ST:       Country:
  Empl:                                               Bus#:
  Occp: VICTIM
  Race.......: WHITE                      Sex.: MALE
  Ethnic Org.:
  OL #.......:                  DL ST:      Country:
  Min. Height: 000 Ft./In.     Weight:    lbs       Misc#:
  Max. Height:    Ft./In.      Weight:    lbs
  Min. Age...: 19 Max: 19

******************** ADDITIONAL VICTIM INFORMATION  #   2 ********************
  Victim Type..........: ADULT
  Residence Type.......:
  Residence Status.....:
  Will File Charges....:
  Can Identify Offender:
  Sobriety of Victim...:
  Extent of Injury.....:
  Injury Type #1.......:
  Injury Type #2.......:
  Medical Treatment....:
  Hospital ID Code.....:
  Hand Use.............:
  Caution/Hazard.......:
  Weapon Held..........:

--------------------------------------------------------------------------
Case No.: 1-00-011004 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

```
Eye Color............:
Hair Color...........:
Marital Status.......:
Physician`s Name: Lst-                Fst-
```

```
     * V I C T I M *                    INFORMATION  #   3
Busn: STATE OF FLORIDA                        Misc#:
Addr:                                         SSN.: 000000000
City: CORAL SPRINGS       ST: FL   ZIP: 000033065   Phn#: 954/000-0000
                                              Bus#: 954/000-0000
```

******************** ADDITIONAL VICTIM INFORMATION  #   3 ********************
```
Victim Type..........: Other (SOCIETY)
Residence Type.......:
Residence Status.....:
Will File Charges....:
Can Identify Offender:
Sobriety of Victim...:
Extent of Injury.....:
Injury Type #1.......:
Injury Type #2.......:
Medical Treatment....:
Hospital ID Code.....:
Hand Use.............:
Caution/Hazard.......:
Weapon Held..........:
Eye Color............:
Hair Color...........:
Marital Status.......:
Physician`s Name: Lst-                Fst-
```

**************************** N A R R A T I V E   # 1 ****************************
```
ORIGINAL REPORT          Reported By: BRYSON, STEVEN G.            8/28/00
                         Entered By.: FONTE, MARTHA B.          ·  0/00/00
                         Reviewed By: GERAINE, PAUL J.            8/29/00
```

ON 08/28/00 AT ABOUT 1921 HOURS, MYSELF AND MY FIELD TRAINING
OFFICER, REX KIRKPATRICK WERE ON ROUTING PATROL AT THE 10300 BLOCK OF
WILES ROAD SITTING WESTBOUND AT THE RED LIGHT WHEN THE VICTIM OF AN
ALLEGED AGGRAVATION ASSAULT APPROACHED OUR POLICE CAR AND YELLED THAT
A BLACK MALE IN THE CAR, 2 CARS AHEAD OF HIS HAD POINTED A FIREARM AT
HIM AND STILL HAD THE GUN IN THE CAR.  HE STATED THAT THE SUSPECT
VEHICLE IS A BLUE FORD ESCORT AND POINTED AT THE CAR BEARING FLORIDA
TAG B70 BFH.  WE PERFORMED A FELONY CAR STOP.  AFTER THE VEHICLE WAS
CLEARED A LOADED CHROME BROWNING .380 SEMI AUTOMATIC PISTOL WAS
LOCATED UNDER THE DRIVERS SEAT PARTIALLY CONCEALED FROM VIEW THROUGH
INVESTIGATION, IT WAS DETERMINED THAT THE DRIVER OF THE CAR IN WHICH
ESPINUEVA WAS A PASSENGER HAD COMMITTED TWO COUNTS OF AGGRAVATED
ASSAULT AND WAS ILLEGALLY CARRYING CONCEALED FIREARM.  AFTER THE
DRIVER OF THE SUBJECT VEHICLE WAS ARRESTED, THE TRUNK WAS SEARCHED, A
LARGE GREEN CANVASS BAG CONTAINING TWO BALLISTIC VESTS (BODY ARMOR),

TWO 3 OUNCE CANISTERS OF PEPPER SPRAY MARKED FOR LAW ENFORCEMENT USE
ONLY, ONE SET OF PEERLESS HANDCUFFS WITH A KEY AND TWO SCREWDRIVERS
WAS FOUND IN THE TRUNK OF THE VEHICLE. ESPINUEVA WAS MIRANDIZED VIA
PREPARED TEXT AND STATED THAT HE HAD BOUGHT THE ITEMS FOR PROTECTION
SO THAT HE WOULD BE ABLE TO ROB DRUG DEALERS. HE ELABORATED THAT HE
HAD RECENTLY PLANNED SUCH A ROBBERY OF A DRUG DEALER, BUT HAD DECIDED
NOT TO CARRY OUT THE ROBBERY DUE TO THE NUMBER OF BODYGUARDS
PROTECTING THE DRUG DEALER.  WHEN ASKED IF HE HAD COMMITTED ANY
ROBBERIES PREVIOUSLY HE INDICATED THAT HE HAD.  ESPINUEVA'S
STATEMENTS CREATED AN IMMEDIATE ALARM THAT HE WAS ABOUT TO COMMIT OR
HAD COMMITTED ACTS WHICH COULD ENDANGER THE SAFETY OF PERSONS OR
PROPERTY IN THE VICINITY . HIS STATEMENTS COUPLED WITH THE PRESENCE
OF A LOADED FIREARM, BALLISTIC VESTS, PEPPER SPRAY AND HANDCUFFS WERE
NOT NORMAL AND HEIGHTENED MY CONCERN FOR PUBLIC SAFETY.  ESPINUEVA
WAS GIVEN THE OPPORTUNITY TO DISPEL MY ALARM AND WAS UNABLE TO DO
SO.  ESPINUEVA WAS ARRESTED FOR LOITERING AND PROWLING.  BOTH
ESPINUEVA AND WILLIAMS WERE BOOKED AT CSPD.  WILLIAMS WAS TRANSPORTED
TO BSO.  ESPINUEVA BONDED OUT ON A $25.00 BOND.  BOTH VICTIMS GAVE
SWORN TAPED STATEMENTS (OSHO, BAEZ) TO DETECTIVE WILLIAMS AT CSPD.

**************************** N A R R A T I V E   # 2 ****************************
D/B SUPPLEMENT             Reported By: WILLIAMS, DOUGLAS R.           8/29/00
                          Entered By.: WILLIAMS, DOUGLAS R.           8/29/00
                          Reviewed By: PUSTIZZI, ANTHONY J.          8/30/00

ON 8-28-00, THIS DETECTIVE WAS REQUESTED TO RESPOND TO THE POLICE
DEPT. IN REFERENCE TO A AGGRAVATED ASSAULT WITH A FIREARM.
    THIS DETECTIVE MET WITH OFFICER KIRPATRICK WHO STATED HE WAS
FLAGGED DOWN IN THE 10300 BLOCK OF WILES RD. BY THE VICTIM (MARK OSHA)
WHO POINTED OUT A BLUE VEHICLE WHO'S OCCUPANT HAD POINTED A HANDGUN
AT HIM. OFFICER KERPATRICK LOCATED THE VEHICLE AND A TRAFFIC STOP WAS
MADE IN THE 10600 BLOCK OF WILES RD. THE OCCUPANTS OF THE VEHICLE
(JERMAINE WILLIAMS) THE DRIVER AND (LOWEN ESPINUEVA) WERE ARRESTED BY
OFFICER KERPATRICK. A BROWNING 380 HAND GUN SERIAL NUMBER 05488 WAS
RECOVERED FROM UNDER THE DRIVER'S SIDE SEAT.
    THIS DETECTIVE OBTAINED A SWORN TAPED STATEMENT FROM THE VICTIM
MARK OSHO WHO STATED HE KNEW THE ARRESTEE( WILLIAMS) AS HIS WIFE'S
OLD BOYFRIEND EARLIER IN THE EVENING THIS DATE HE AND HIS WIFE WERE
IN THE AREA OF ROCK ISLAND AND MCNAB RD. WHEN THE SUSPECT DROVE ALONG
SIDE OF HIM AND POINTED THE FIREARM AT HIM AND DROVE OFF.HE STATED HE
DROPPED HIS WIFE OFF AND PICKED UP HIS COUSIN LOUIS BAEZ AND WENT
LOOKING FOR WILLIAMS AND LOCATED HIM AND WAS THREATENED AGAIN WITH
THE FIREARM AND FLAGGING DOWN OFFICER KIRPATRICK. REFER TO  TAPED
STATEMENT FOR DETAILS.
     THIS DETECTIVE ALSO OBTAINED A TAPED STATEMENT FROM LUIS BAEZ
WHO STATED THE SAME FACTS AS OSHO SEE HIS STATEMENT FOR DETAILS.
     BOTH VICTIM'S POSITIVELY IDENTIFIED THE ARESTEE'S AS THE
PERSONS INVOLVED IN THIS INCIDENT.
    IT SHOULD BE NOTED A INVENTORY OF THE ARESTEE'S VEHICLE REVEALED
TWO BLASTIC VESTS AND TWO CANISTERS OF O/C GAS AND A PAIR OF
HANDCUFF'S ALL PLACED INTO EVIDENCE.

--------------------------------------------------------------------------
Case No.: 1-00-011004 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)

        THIS DETECTIVE QUESTIONED (ESPINUEVA)WHO STATED THE VESTS WERE
PURCHASED ON THE STREET IN FT.LAUDERDALE.A LOCAL TELETYPE WAS SENT
OUT TO AREA POLICE DEPTS. IN REFERENCE TO THE VESTS, HANDGUN AND
REFERENCED EQUIPMENT. NO RESPONSE TO DATE. (WILLIAMS) WAS OFFERED A
OPPORTUNITY TO GIVE A STATEMENT ,BUT HE REFUSED.

        CLEARED BY ARREST (ADULT FELONY)

        5 HOURS

        OFFICER(s) Reporting:  Signed and hereby Sworn

        to:_____ID#_____Date_____

        Sworn To And Subscribed Before Me:

        _____ID#_____Date_____


**************************** N A R R A T I V E    # 3 ****************************
SUPPLEMENT NARRATIVE        Reported By: KOZLOWSKI, BRUCE C.              8/28/00
                           Entered By.: FONTE, MARTHA B.                 8/29/00
                           Reviewed By: GERAINE, PAUL J.                 8/29/00

        I RESPONDED TO THE AREA OF A CORAL SPRINGS DRIVE AND WILES ROAD AS
A BACKUP TO OFFICER KIRKPATRICK.  HE HAD REQUESTED BACKUP TO CONDUCT
A FELONY STOP FOR A POSSIBLE GUN CALL.  I ASSISTED IN THE STOP AND
THE TAKING OF JERMAINE WILLIAMS INTO CUSTODY.  I THEN TRANSPORTED
WILLIAMS TO CSPD WHERE I PROCESSED HIM.  AT NO TIME DID I ASK
WILLIAMS ANY QUESTIONS REGARDING THE INCIDENTS, NOR DID WILLIAM
VOLUNTEER ANY STATEMENTS TO ME.

**************************** N A R R A T I V E    # 4 ****************************
LATENT PROCESSING REPORT  Reported By: MENKE, JOAN A.                    8/29/00
                          Entered By.: MENKE, JOAN A.                    8/29/00
                          Reviewed By: HINES, THOMAS E.                  9/06/00

        CASE TYPE:  AGGRAVATED ASSAULT

        ON 08-29-00, I OBTAINED THE HANDGUN, MAGAZINE AND BULLETS FROM THE
EVIDENCE ROOM FOR THE PURPOSE OF PROCESSING THEM FOR LATENT PRINTS.
THE HAND GUN IS A BROWNING SEMI-AUTOMATIC WITH DUCT TAPE WRAPPED
AROUND THE GRIP. THE HAND GUN, MAGAZINE AND BULLETS WERE PROCESSED
WITH CYANOACRYLATE FUMING AND BICHROMATIC POWDER. NO PRINTS OF
COMPARABLE VALUE WERE DEVELOPED. THE PROPERTY WAS RETURNED TO THE
EVIDENCE ROOM.

        OFFICER(s) Reporting:  Signed and hereby Sworn

        to:_____ID#_____Date_____

------------------------------------------------------------------------
Case No.: 1-00-011004 *** CORAL SPRINGS POLICE DEPARTMENT *** (Continued)


Sworn To And Subscribed Before Me:

_____ID#_____Date_____
TIME: 40 MINUTES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

--NCIC--
4L01FLA0013089956
FLFBIMM01
ATN/LEWIS
THIS RECORD IS BASED ONLY ON THE FBI NUMBER IN YOUR REQUEST-745336HB0.
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                     - FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                                    FBI NO.         DATE REQUESTED
WILLIAMS, JERMAINE CLAYTON              745336HB0       2000/10/24

SEX   RACE   BIRTH DATE   HEIGHT   WEIGHT   EYES   HAIR   BIRTH PLACE
M     B      1979/10/19   507      125      BRO    BLK    JAMAICA

FINGERPRINT CLASS   PATTERN CLASS
PO 11 09 06 10      WU RS RS RS RS LS LS LS LS LS
20 08 07 03 09         WU WU              WU    AU

1-ARRESTED OR RECEIVED 2000/10/23
   AGENCY-USM FORT LAUDERDALE (FLUSM0700)
      AGENCY CASE-55514-004
      CHARGE 1-1206 ROBBERY-STREET-STGARM

ADDITIONAL CRIMINAL HISTORY RECORD INFORMATION IS MAINTAINED BY THE
FOLLOWING STATES(S):
FLORIDA -STATE ID/FL04595556

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

END OF RECORD

--END--

```
--FLORIDA CCH RESPONSE--
ATN/LEWIS
FC.DLE/04595556.PUR/C.ATN/LEWIS
        SID  NUMBER:  4595556   PURPOSE CODE:C          PAGE:   1
        BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME,
        A NEW COPY SHOULD BE REQUESTED WHEN NEEDED FOR FUTURE USE
            ****THIS RECORD CONTAINS JUVENILE ARREST INFORMATION****
                    -  FLORIDA   CRIMINAL   HISTORY   -
NAME                             STATE ID NO.   FBI NO.      DATE REQUESTED
WILLIAMS, JERMAINE CLAYTON       FL-04595556    745336HB0    10/24/2000
SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE  SKIN  DOC NO.
--CONTINUED--

        SID  NUMBER:  4595556   PURPOSE CODE:C          PAGE:   2

  M    B     10/19/1979  5'07''  125     BRO    BLK    JM
FINGERPRINT CLASS    SOCIAL SECURITY NO.    MISCELLANEOUS NO.      SCR/MRK/TAT
PO 11 09 06 10       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
20 08 07 03 09
IN AFIS - 2
OCCUPATION                  ADDRESS                    CITY/STATE
                            3121 NW 47 TERR            LAUD LK, FL
-------------------------------------------------------------------------------
*************************************************** JUVENILE *********************
ARREST-   1    07/28/1997   OBTS NO.-0003613357
--CONTINUED--

        SID  NUMBER:  4595556   PURPOSE CODE:C          PAGE:   3

    ARREST AGENCY-MARGATE POLICE DEPARTMENT                     (FL0062100)
      AGENCY CASE-                            OFFENSE DATE-07/28/1997
      CHARGE 001-VEH THEFT-
              AUTO
              STATUTE/ORDINANCE FL812--014      LEVEL-FELONY
              DISP-
-------------------------------------------------------------------------------
THIS RECORD CONTAINS FLORIDA INFORMATION ONLY. WHEN EXPLANATION OF A CHARGE OR
DISPOSITION IS NEEDED, COMMUNICATE DIRECTLY WITH THE AGENCY THAT CONTRIBUTED
THE RECORD INFORMATION. THIS RECORD MAY ONLY BE USED FOR CRIMINAL JUSTICE
PURPOSES AS DEFINED BY THE CODE OF FEDERAL REGULATIONS.
THIS IS A MULTI-STATE OFFENDER RECORD.
END OF RECORD

--END--
```

```
--NCIC--
OR MESSAGE HAS BEEN SENT TO NCIC.
--END--
```

DATE:10/24/2000  TIME:13:00  MESSAGE NUMBER:00157

ATTENTION:                              CONTROL:


```
--NCIC--
FL01FLA0013090436
FLFBIMM01
THIS INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
RECORD REQUEST FOR FBI/473918PB3. THE FOLLOWING WILL RESPOND TO YOUR
AGENCY:
 FBI            - FBI/473918PB3
END
```

```
--END--
```

DATE:10/24/2000  TIME:13:00  MESSAGE NUMBER:00158

ATTENTION:                              CONTROL:


```
--NCIC--
4L01FLA0013090436
FLFBIMM01
ATN/LEWIS
THIS RECORD IS BASED ONLY ON THE FBI NUMBER IN YOUR REQUEST-473918PB3.
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                    - FBI IDENTIFICATION RECORD -
```

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

```
NAME                                  FBI NO.        DATE REQUESTED
ESPINUEVA,LOWEN                       473918PB3      2000/10/24

SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    W     1981/05/06  509     150     BRO   BLK   UNKNOWN

PATTERN CLASS
WU WU WU WU WU WU WU WU WU LS
                         WU
```

```
1-ARRESTED OR RECEIVED 2000/10/20
   AGENCY-USM FORT LAUDERDALE (FLUSM0700)
      AGENCY CASE-55515-004
      CHARGE 1-1206 ROBBERY-STREET-STGARM
```

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW. IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

END OF RECORD

```
--END--
```