UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6312-Cr-ROETTGER

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LOWEN ESPINUEVA,

    Defendant.
_____/



### MOTION IN LIMINE TO EXCLUDE EVIDENCE OF COMPUTERIZED VOICE STRESS ANALYSIS TEST

The Defendant, **LOWEN ESPINUEVA**, by and through undersigned counsel, pursuant to Federal Rules of Evidence 403 and 702, hereby brings this Motion in Limine to Exclude Evidence of Computerized Voice Stress Analysis Test. In support the Defendant states:

    1.    The Defendant is charged by indictment with a Conspiracy to Obstruct the Movement of Articles and Commodities in Commerce by Robbery, in violation of 18 U.S.C. section 1951(a) and 2, Attempted Obstruction of the Movement of Articles and Commodities in Commerce by Robbery, in violation of 18 U.S.C. 1951(a) and 2, and Using and Carrying a Firearm During and in Relation to a Crime of Violence Resulting in Serious Bodily Injury, in violation of 18 U.S.C. 924(c)(1) and 2.

    2.    On October 20, 2000, the Defendant was arrested by the Coral Springs Police Department and Federal Bureau of Investigation. He was transported to the Coral Springs Police Department where he was read his *Miranda* rights. The Defendant, Lowen Espinueva then gave a tape recorded statement lasting several hours in duration. During that taped statement, the Defendant consistently and repeatedly protested his innocence. On that same date,

October 20, 2000, at 5:35 p.m., the Defendant was offered an opportunity to take a computerized voice stress analysis test. Espinueva agreed to take the test.

3. The test was administered to Espinueva by Detective Frank Gross of the Coral Springs Police Department. A copy of the report of Detective Gross is attached and incorporated as Exhibit 1. The Defendant was asked a series of questions as delineated in the attached report. At the conclusion of the examination, the investigator/examiner concluded that deception was indicated.

4. The Defendant contends that evidence that a computer voice stress analysis test was administered to him, and the conclusions of the examiner, are inadmissible in any trial of this cause in that they fail to establish the standard for admissibility of scientific, technical or other specialized evidence established in *Daubert v. Merrell Dow Pharmacuticals, 509 U.S. 579, 113S.Ct. 2786, 125 L.Ed. 2d 469 (1993)*. As additional grounds for exclusion of said evidence, the Defendant submits that a computerized voice stress analysis test is no different from a polygraph examination, which is generally inadmissable. See, *United States v. Piccinonna, 885 F.2d 1529 (11th Cir. 1989)*.

5. In *Daubert*, the United States Supreme Court established that trial judges assume a "gatekeeper" role in determining whether evidence is scientifically valid and properly can be applied to the facts at issue. The court established five factors to be addressed in determining admissibility: (1) whether the theory or technique can be (and has been) reliably tested; (2) whether it has been subjected to peer review and publication; (3) its known or potential error rate; (4) the existence and maintenance of standards controlling its operations; and (5) whether it has attracted wide-spread acceptance within the relevant scientific community.

The *Daubert* court concluded that Federal Rule of Evidence 702 places



appropriate limits on the admissibility of purported scientific evidence by assigning to the trial judge the task of ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand. Rule 702's requirement that an expert's testimony pertaining to scientific knowledge establishes a standard of evidentiary reliability. The Defendant contends that the computerized voice stress analysis test does not and cannot meet the requirements of admissibility established in *Daubert*.

6. As a second ground for exclusion of the evidence, the Defendant contends that computerized voice stress analysis testing is analogous to, if not identical with, polygraph testing. In *United States v. Piccinonna, 885 F.2d 1529 (11th Cir. 1989)* the Eleventh Circuit enumerated two instances in which polygraph evidence may be admitted at trial. First, in those cases where the parties stipulate to its introduction, and second, when it is used to impeach or corroborate the testimony of a witness at trial. *Id at 1536*. In this circuit, polygraph evidence has been deemed inadmissible in certain circumstances under Federal Rules of Evidence 608(a), 608(b), 702 and 403. *United States v. Piccononna, 729 F.Supp. 1336,1338 (S.D. Fla. 1990)* (concluding that single polygraph test offered as one specific instance of truthful conduct not admissible under 608(a) and 608(b)); *United States v. Elortegui, 743 F.Supp. 828,830 (S.D.Fla. 1990)* (agreeing with judge in *Piccononna* that polygraph evidence inadmissible under Federal Rule of Evidence 608(a) and in most circumstances under 608(b)); *United States v. Gilliard, 133 F.3d 809, 812-16 (11th Cir.1998)* (finding that the district court did not abuse its discretion in concluding that a particular polygraph test technique had not gained general acceptance within the scientific community and was otherwise irrelevant as confusing and misleading).

7. The Defendant contends that admission of the result of the computerized voice stress analysis test conducted on October 20, 2000 by the Coral Springs Police Department



LAW OFFICES OF
BARRY M. WAX
201 South Biscayne Boulevard • Suite 1950 • Miami, Florida 33131 • Tel: (305) 373-4400 • Fax: (305) 373-6797 • E-Mail: barrywax@bellsouth.net

should also be excluded pursuant to Federal Rule of Evidence 403. When weighing possible prejudice against probative value under Rule 403, the trial judge exercises more control over experts than lay witnesses. *United States v. Gilliard, 133 F.2d at 815*, quoting *Daubert*. The probative value of such evidence would be in favor of the government - that is, the Defendant gave a taped statement denying his involvement in the offenses, yet he failed a computerized test designed to demonstrate his truthfulness/untruthfulness. Such evidence is identical in its probative value to that of a polygraph examination.

Additionally, the test measures the stress in the Defendant's voice. In this particular instance, an eighteen year old young man, with no criminal record, was taken to the Coral Springs Police Department after being arrested by the Coral Springs Police and FBI, and was placed in an interview room. He was interrogated for hours on end and accused of extremely serious crimes. To say that Lowen Espinueva was "under stress" is to understate the situation. Accordingly, the Defendant urges this Honorable Court to exercise its discretion and exclude evidence of the computerized voice stress analysis test administered on October 20, 2000.

8.  Pursuant to Local Rule 88.9(g), Barry M. Wax, counsel for the Defendant hereby certifies that he has discussed this motion with Thomas Lanigan, AUSA who objects to the motion being granted.

**WHEREFORE**, the Defendant, Lowen Espinueva moves this Honorable Court to grant this Motion In Limine to Exclude Evidence of Computerized Voice Stress Analysis Test.


Respectfully submitted,

**LAW OFFICES OF BARRY M. WAX**
201 South Biscayne Boulevard
Suite 1950
Miami, Florida 33131
(305) 373-4400
barrywax@bellsouth.net

BY: _____
Barry M. Wax
Florida Bar No. 509485

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed to Thomas Lanigan, Assistant United States Attorney, 500 East Broward Boulevard, Fort Lauderdale, Florida 33394 and Daryl Wilcox, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301 on this 27th day of November, 2001.

BY: _____
Barry M. Wax

Motion to In Limine to Exclude Voice Test



201 South Biscayne Boulevard • Suite 1950 • Miami, Florida 33131 • Tel: (305) 373-4400 • Fax: (305) 373-6797 • E-Mail: barrywax@bellsouth.net

# EXHIBIT 1

```
Progrm: CMS301                Crimes Management System              Page:   11
                                  Incident Report
```
Case No.: 1-00-013181 *** CORAL SPRINGS POLICE DEPARTMENT ***   (Continued)

INVESTIGATOR THEN MET WITH ESPINUEVA WHO ADVISED HE COMPLETED THE NINTH GRADE AT CORAL SPRINGS HIGH SCHOOL, AND CAN READ, WRITE, AND UNDERSTAND THE ENGLISH LANGUAGE. HE FURTHER STATED HE WAS NOT UNDER THE INFLUENCE OF ALCOHOL, DRUGS, OR MEDICATION, AND COULD UNDERSTAND THE WAY THIS INVESTIGATOR WAS CONVERSING WITH HIM. THIS INVESTIGATOR THEN PRESENTED ESPINUEVA WITH A STANDARD CORAL SPRINGS POLICE DEPARTMENT, CONSENT FOR C.V.S.A. EXAMINATION. ESPINUEVA READ THE FORM OUT LOUD IN IT'S ENTIRETY, AND INDICATED HIS UNDERSTANDING OF THE FORM BY SIGNING HIS NAME ON THE BOTTOM, DATING SAME ON 10-20-00, AT 5:35 P.M. THE FORM WAS WITNESSED BY THIS INVESTIGATOR, SAME DATE AND TIME. ESPINUEVA WAS THEN ADMINISTERED A C.V.S.A. TEST WITH A GENERAL SERIES FORMAT. THE FOLLOWING QUESTIONS WERE ASKED.

1. IS YOUR NAME LOWEN?

A. YES

2. IS THE COLOR OF YOUR TEE SHIRT ORANGE?

A. YES

3. ARE YOU SITTING DOWN?

A. YES

4. WERE YOU TRUTHFUL IN YOUR STATEMENTS TO DETECTIVES?

A. YES

5. IS TODAY FRIDAY?

A. YES

6. ARE YOU WITHHOLDING ANY INFORMATION ABOUT THIS INCIDENT?

A. NO

7. AM I WEARING GLASSES?

A. YES

8. HAVE YOU EVER DRIVEN OVER THE SPEED LIMIT?

A. NO

9. IS THIS THE MONTH OF OCTOBER?

A. YES

10. DID YOU PARTICIPATE IN THE ARMED ROBBERY AT THE CITIBANK?

```
Date/Time: 10/23/00  13:27:46
------------------------------------------------------------------------
                        Crimes Management System              Page:    12
Progrm: CMS301              Incident Report
------------------------------------------------------------------------
Case No.: 1-00-013181  *** CORAL SPRINGS POLICE DEPARTMENT ***  (Continued)
```

    A. NO

    11. ARE WE IN THE STATE OF FLORIDA?

    A. YES

    12. WERE YOU TRUTHFUL ABOUT JERMAINE'S PARTICIPATION IN THE ROBBERY?

    A. NO

    13. AM I SITTING DOWN?

    A. YES

    14. DID YOU SHOOT ANYONE AT CITIBANK?

    A. NO

    15. ARE THE LIGHTS ON IN THE ROOM?

    A. YES

BASED ON MY TRAINING AND EXPERIENCE, IT IS THE OPINION OF THIS INVESTIGATOR/EXAMINER THAT LOWEN I. ESPINUEVA DID NOT RESPOND TRUTHFULLY TO THE RELEVANT TEST QUESTIONS. A COLD CALL WAS MADE BY SERGEANT/EXAMINER R. NICORVO OF THE CORAL SPRINGS POLICE DEPARTMENT, REGARDING THE SAME TEST, WITH FINDINGS IN AGREEMENT WITH THIS INVESTIGATOR/EXAMINER. TO THIS END, THIS TEST WAS DETERMINED TO BE DECEPTION INDICATED. THE FINDINGS WERE THEN FORWARDED TO DETECTIVE P. FERM. THIS INVESTIGATOR DID CONFRONT ESPINUEVA WITH THE RESULTS OF THE TEST. FOR COMPLETE DETAILS, REFER TO THE INVESTIGATIVE REPORTS OF DETECTIVE P. FERM.

OFFICER(s) Reporting: Signed and hereby Sworn

to:_____ID#_____Date_____

Sworn To And Subscribed Before Me:

_____ID#_____Date_____