UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6312-Cr-ROETTGER

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LOWEN ESPINUEVA,

    Defendant.
_____/



## MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE

The Defendant, **LOWEN ESPINUEVA**, by and through undersigned counsel, hereby files this Motion In Limine to Exclude 404(b) Evidence. In support the Defendant states:

1.    The Defendant is charged by indictment with a Conspiracy to Obstruct the Movement of Articles and Commodities in Commerce by Robbery, in violation of 18 U.S.C. section 1951(a) and 2, Attempted Obstruction of the Movement of Articles and Commodities in Commerce by Robbery, in violation of 18 U.S.C. 1951(a) and 2, and Using and Carrying a Firearm During and in Relation to a Crime of Violence Resulting in Serious Bodily Injury, in violation of 18 U.S.C. 924(c)(1) and 2.

2.    On November 13, 2000, the Government filed its Response to Standing Discovery Order, putting the Defendant on notice of its intent to offer evidence pursuant to Federal Rule of Evidence 404(b) as follows:

> "The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). The Defendant WILLIAMS is currently charged with aggravated assault in case no. 1-00-011004. This case is pending in Broward County. Defendant ESPINUEVA was with WILLIAMS on August 28, 2000, when WILLIAMS was arrested and in possession of a 9MM Browning semi-automatic pistol loaded with



nine rounds, ESPINUEVA was arrested for loitering. In the trunk of the vehicle were found with two bullet proof vests; one pair handcuffs and two canisters of mace. Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise. A small quantity of marijuana was found in ESPINUEVA'S residence along with two scales."

The Defendant contends that the aforementioned evidence does not constitute proper 404(b) evidence, nor is it admissible under any theory of law.

      3.      On August 28, 2000, the Defendant was a passenger in a Ford Escort automobile being driven by the Codefendant, Jermaine Williams. At approximately 7:21 p.m. on that date, Coral Springs Police Department Officers Steven Bryson and Rex Kirkpatrick were stopped at a traffic light when they were approached by an individual, Mark Osho who stated that a black male in a blue Ford Escort had pointed a firearm at him. Mr. Osho identified the vehicle and license tag B70 BFH, and the officers pulled the subject vehicle over for an investigation.

      The blue Ford Escort was being driven by Jermaine Williams. Lowen Espinueva was a passenger in the car. Both occupants were ordered out of the vehicle, and they complied. The vehicle was searched and a loaded Browning .380 semi-automatic pistol was located under the driver's seat. Jermaine Williams was placed under arrest and the rest of the vehicle was searched, including the trunk. In the trunk, a green canvas bag was located. The bag contained two bullet proof vests, two canisters of pepper spray, one set of handcuffs and two screw drivers.

      Officer Bryson read Lowen Espinueva his *Miranda* rights and questioned him about the items which were found in the green bag. As per the police report of Detective Bryson, Lowen Espinueva stated that "he had brought the items for protection so that he would be able to rob drug dealers. He elaborated that he had recently planned such a robbery of a drug dealer, but had decided not to carry out the robbery due to the number of bodyguards protecting the drug



LAW OFFICES OF
BARRY M. WAX
201 South Biscayne Boulevard • Suite 1950 • Miami, Florida 33131 • Tel: (305) 373-4400 • Fax: (305) 373-6797 • E-Mail: barrywax@bellsouth.net

dealer. When asked if he had committed any robberies previously he indicated that he had."

After being questioned, Lowen Espinueva was arrested and charged with Loitering and Prowling. He posted a twenty-five ($25.00) dollar bond and was released from custody. Subsequently, the Office of the State Attorney in and for Broward County, Florida filed an Announcement of No Information declining to file the charge of Loitering and Prowling against Lowen Espinueva. As per the Announcement of No Information, the Office of the State Attorney concluded that there was "no reasonable liklihood (sic) of conviction first not constitute loitering or prowling." (A copy of the Announcement of No Information is attached and incorporated herein as Exhibit 1).

    4. Federal Rule of Evidence 404(b) provides:

> **Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, **identity**, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. (Emphasis added).

Although the government has failed to disclose which of the bases for admissibility within Rule 404(b) it intends to rely upon in establishing the admissibility of the aforementioned evidence, the Defendant assumes the purpose would be to establish his identity as the perpetrator of the crimes charged in the indictment at bar. The Defendant submits that evidence of his arrest for loitering and prowling on August 28, 2000 does not contain the requisite similarity of facts to permit its introduction pursuant to Rule 404(b) in order to establish identity.

    5. Federal Rule of Evidence 404(b) permits the introduction of evidence of the prior or uncharged bad act if the Government can demonstrate: (1) a proper purpose for introducing the evidence; (2) that the prior act occurred and that the Defendant was the actor;



201 South Biscayne Boulevard • Suite 1950 • Miami, Florida 33131 • Tel: (305) 373-4400 • Fax: (305) 373-6797 • E-Mail: barrywax@bellsouth.net

and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have. *United States v. Cancelliere* 69 F.3d 1116 (11th Cir. 1995); *United States v. Mills*, 138 F.3d 928 (11th Cir. 1998). Therefore, even if the government can establish a proper purpose for introducing the evidence, they still must satisfy the second prong for introduction, namely that the prior act occurred and that the Defendant was the actor. As reflected by Exhibit 1, the Broward County Office of the State Attorney declined to file charges for loitering and prowling against Lowen Espinueva on the grounds that the facts did not constitute loitering or prowling under Florida law.

      6.    Furthermore, the government cannot establish the third prong, that the probative value of the evidence outweighs any prejudicial effect. In the case at bar, the Defendant is charged along with the Codefendant, Jermaine Williams. That is the same Jermaine Williams with whom the Defendant was arrested on August 28, 2000. Although Lowen Espinueva has not been charged by the Broward County Office of the State Attorney, Jermaine Williams has been charged, and is presently pending prosecution. As such, proof of Lowen Espinueva's arrest on August 28, 200 in the company of the Codefendant, Jermaine Williams leads to the inescapable inference of "guilt by association." Additionally, the evidence which the government seeks to admit against Lowen Espinueva has no value other than to prove the Defendant's criminal disposition. See, e.g., *United States v. Marshall*, 173 F.3d 1312, 1317 (11th Cir. 1999).

      7.    When extrinsic offense evidence is introduced to prove identity the likeness of the offenses is the crucial consideration. The physical similarity must be such that it marks the offenses as the handiwork of the accused. *United States v. Clemons*, 32 F.3d 1504 (11th Cir. 1994); *United States v. Jones*, 28 F. 3d 1574 (11th Cir. 1994). In *Jones*, the Eleventh



LAW OFFICES OF
BARRY M. WAX
201 South Biscayne Boulevard • Suite 1950 • Miami, Florida 33131 • Tel: (305) 373-4400 • Fax: (305) 373-6797 • E-Mail: barrywax@bellsouth.net

Circuit Court of Appeals stated:

> " The uniqueness of the modus operandi and the degree of similarity between the prior crimes and the one that the Government is trying to attribute to the defendant determine the probity of the evidence of the prior crimes. Whether evidence of extrinsic crimes is relevant to show identity, or is merely evidence of character or propensity, may therefore be described as turning upon the evidence's probative value. If the modus operandi of the crimes is sufficiently rare, then the probative value of that evidence is high enough to constitute evidence of the defendant's identity. If the evidence of the prior crimes includes no significant signature trait, then it's probative value is so low that it is considered to be mere propensity or character evidence. The signature trait requirement is therefore a recognition that a defendant cannot be identified as the perpetrator of the charged act simply because he has at other times committed the same commonplace variety of criminal act except by reference to the forbidden inference of propensity, i.e., of bad character. In the typical case in which evidence of other crimes is introduced to show identity, the Government introduces evidence that the defendant committed a prior offense in a manner similar to that in which the crime charged was committed. The signature trait requirement is imposed to ensure that the Government is not relying on an inference based on mere character - that a defendant has a propensity for criminal behavior." (citations omitted).

8.     The case at bar involves the attempted robbery of two Brinks truck guards while they were approaching an ATM machine in Coral Springs, Florida on October 20, 2000. Lowen Espinueva's arrest for loitering and prowling on August 28, 2000 was a consequence of being a passenger in a vehicle being driven by Jermaine Williams, when Williams committed a felony offense. As such, none of the facts alleged in the August 28, 2001 arrest bear the remotest resemblance to the charges in the case at bar, and may not be used as proof of identity pursuant to Federal Rule of Evidence 404(b).

9.     Pursuant to Local Rule 88.9(g), Barry M. Wax, counsel for the Defendant hereby certifies that he has discussed this motion with Thomas Lanigan, AUSA who objects to the motion being granted.



201 South Biscayne Boulevard • Suite 1950 • Miami, Florida 33131 • Tel: (305) 373-4400 • Fax: (305) 373-6797 • E-Mail: barrywax@bellsouth.net

**WHEREFORE**, the Defendant, Lowen Espinueva moves this Honorable Court to grant this Motion In Limine to Exclude 404(b) Evidence.

Respectfully submitted,

**LAW OFFICES OF BARRY M. WAX**
201 South Biscayne Boulevard
Suite 1950
Miami, Florida 33131
(305) 373-4400
barrywax@bellsouth.net

BY: _____
Barry M. Wax
Florida Bar No. 509485

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed to Thomas Lanigan, Assistant United States Attorney, 500 East Broward Boulevard, Fort Lauderdale, Florida 33394 and Daryl Wilcox, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301 on this 27th day of November, 2001.

BY: _____
Barry M. Wax

Motion to In Limine to Exclude 404(b) Evidence



# EXHIBIT   1

IN THE CIRCUIT COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,
      Plaintiff,

vs.

ESPINUEVA, LOWEN
      Defendant.

CASE# 00-2790MM10A
BK# SA00-11004
OR# CS00-11004
DOA 8/28/00

**ANNOUNCEMENT OF NO INFORMATION AND / OR CHANGE OF CHARGE(S)**

TO THE CLERK OF THE ABOVE-STYLED COURT:
The State hereby announces the following action(s) to be taken on the charge(s) involved in the above - captioned arrest:

**CHARGES FILED AS ARRESTED:**

**CHANGE OF CHARGE / NO INFO:**          **CHARGES FILED:**

FROM       TO
FROM       TO
FROM       TO
FROM       TO
FROM       TO

**CHARGES NO INFORMATION AS ARRESTED:**

LOITERING OR PROWLING    NO REASONABLE LIKLIHOOD OF CONVICTION
                  FIRST NOT CONSTITUTE LOITERING
                  OR PROWLING

The State requests that any bond(s) pertaining to the charge(s) be maintained, discharged and/or modified as reflected by the State Attorney's actions described hereinabove. DATED    9/19/00    , A.D. ~~xxxx~~

*refund bond to defe sata*

MICHAEL J. SATZ
State Attorney
By: ROBIN BRESKY
Assistant State Attorney FL Bar # 179329

[ ] Broward County Courthouse,
  201 S.E. 6th St., Ft. Laud, FL 33301 Telephone: (954) 831-1250
[x] 1600 W. HILLSBORO BLVD., DEERFIELD BEACH, FL 33442
RB/JP/09/21/00

WHITE - CLERK CANARY - DEFENSE COUNSEL PINK - COUNTY COURT CLERK GOLDEN - SAO FILE COPY